Brent O. Hatch (5715)
Shaunda L. McNeill (14468)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Telephone: (801) 363.6363
Facsimile: (801) 363-6666
bhatch@hjdlaw.com
smcneill@hjdlaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CASEY'S GENERAL STORES, INC.; CASEY'S MARKETING COMPANY; CASEY'S RETAIL COMPANY; CASEY'S SERVICES COMPANY; CGS SALES CORPORATION; GATE PETROLEUM COMPANY; GATE FUEL SERVICE, INC.; EPPING FOREST; YACHT CLUB, INC.; PONTE VEDRA LODGE, INC.; PONTE VEDRA CORPORATION; THE RIVER CLUB, INC.; CARY OIL CO., INC.; AMERICAN GENERAL INVESTMENTS, LLC; NORTH AMERICAN FINANCIAL GROUP, LLC; DELTA SONIC CARWASH SYSTEMS, INC.; HIGH PLAINS PIZZA, INC.; STINKER STORES, INC.; CUSICK CORPORATION; BEST PETROLEUM CO., INC.; BEST PETROLEUM, LLC; CFL PIZZA, LLC; BRAVO FOODS, LLC; GT PETROLEUM CO.; CAPTAIN DEVELOPMENT CO., INC; CAROLINA PIZZA CO., INC.; DALAND CORPORATION; JONBRO, INC.; MACKINAW FOOD SERVICES CORP.; MICHIGAN PIZZA SERVICE COMPANY, INC.; NORTHFIELD RESTAURANT CORP.; PERU PIZZA CO., INC.; VIRGINIA PIZZA COMPANY, INC.; TRICONN, LLC; PESTER MARKETING COMPANY; HI-NOON PETROLEUM, INC.; MRC HI-NOON, LLC; CTC LLP/CROSSROADS TRAVEL CENTER; CTC LLC/DIAMOND JIM'S; CROSS-ROADS CAFE, LLC; DC'S EASTGATE, INC.; | **COMPLAINT**<br><br>(Jury Trial Demanded)<br><br><br>CASE NO.: _____<br><br>Judge: |

1

DJ CASINOS, INC.; HN, LLC; TTM MONTANA )
LLC; DHCC, LLC; WGN, INC.; MTG MANAGE- )
MENT, INC.; GREAT LAKES CONVENIENCE, )
INC.; TRIPLE S OIL D/B/A  MR. GAS; )
CHAMPLAIN OIL COMPANY, INC.;  COCO )
MART, INC. D/B/A JIFFY MART; J.D. STREETT )
& COMPANY, INC.; EMERALD CITY PIZZA )
LLC; COLUMBIA BASIN PIZZA HUT, INC.; )
SPOKANE VALLEY PIZZA LLC;  LAS VEGAS )
PIZZA LLC; KATH FUEL OIL SERVICE CO.; )
PIZZA HUT OF SOUTHEAST KANSAS, INC.; )
TB OF AMERICA, INC.; SLIDELL OIL )
COMPANY LLC; BAKER FAMILY HOLDING )
LLC; AMERICA'S PIZZA COMPANY LLC; )
SPACE AGE FUEL, INC.;    PLISKA )
INVESTMENTS, LLC; PLISKA GOLF, INC.; )
J&J GOLF; ROBINSON OIL CORP.; MISSION )
TRAIL OIL COMPANY; REID COMPANIES, )
INC.; REID STORES, INC.; REID PETROLEUM )
CORP.; JACO OIL COMPANY; BASIC )
PROPERTIES LP; JACO HILL COMPANY; )
JAMIESON HILL COMPANY; FASTRIP OIL )
COMPANY; HERDRICH PETROLEUM CORP.; )
POPINGO'S CONVENIENCE STORES, LLC; )
LEONARD E. BELCHER, INC.; BBH FOOD )
LLC; JNH FOOD LLC; CNH FOOD LLC; )
HJB CONVENIENCE CORP.; JAG )
CONVENIENCE CORP.; NORTH COAST )
PIZZA, INC.; AKRON PIZZA, INC.; )
PAINESVILLE PIZZA, INC.; ASHLAND PIZZA, )
INC.; COLUMBIANA PIZZA, INC.; ELYRIA )
PIZZA, INC.; ASHTABULA PIZZA, INC.; )
LIBERTY PIZZA, INC.; KOCOMO PIZZA, INC.; )
CANTON PIZZA, INC.; TRICO PIZZA, INC.; )
SALEM PIZZA, INC.; BOARDMAN PIZZA, )
INC.; WAYNE PIZZA OF OHIO LLC; WAYNE )
PIZZA, INC.; GEAUGA PIZZA, INC.; TRI STAR )
MARKETING INC.; THE WILLS GROUP, INC.; )
SMO, INC.; DASH IN FOOD STORES, INC.; )
SOUTHERN MARYLAND OIL, INC.; )
DELMARVA OIL, INC.; POTOMAC ENERGY )
HOLDINGS, LLC; GOLDEN DOLLAR, INC.; )
SPEEDEE MART, INC.; PLAID PANTRIES, )
INC.; PETE'S OF ERIE, INC.; CAPITAL PIZZA )

HUTS, INC.; NJ CAPITAL FURNISHINGS, LLC; )
SKY OF JENKS, LLC; RKS VENTURES, INC.;    )
CAPITAL PIZZA OF NEW HAMPSHIRE, INC.;     )
CAPITAL PIZZA HUTS OF VERMONT, INC.;      )
WK CAPITAL ENTERPRISES, INC.; REDDING     )
OIL COMPANY; SPENCER COMPANIES, INC.;     )
VALLEY PETROLEUM, LLC; BY-LO OIL          )
COMPANY; SPEEDY Q MARKETS, INC.;          )
CRAIG FOOD STORES, INC.; LAWRENCE OIL     )
CO.; DOWNS ENERGY; AMERICAN PIZZA         )
PARTNERS, LP; HEART OF TEXAS PIZZA LP;    )
M2R, LLC; MOUNTAIN VIEW PIZZA, LLC;       )
OKLAHOMA MAGIC, LP; SEASIDE PIZZA,        )
LLC; AMERICAN SEAFOOD PARTNERS, LP;       )
and FLYERS ENERGY, LLC,                   )
                                          )
        Plaintiffs,                   )
                                          )
v.                                        )
                                          )
VISA INC., VISA U.S.A. INC., VISA         )
INTERNATIONAL SERVICE ASSOCIATION,        )
MASTERCARD INCORPORATED and               )
MASTERCARD INTERNATIONAL                  )
INCORPORATED,                             )
                                          )
        Defendants.                   )
_____ )

Plaintiffs allege the following claims for relief against Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association (collectively "Visa") and against Defendants MasterCard Incorporated and MasterCard International Incorporated (collectively "MasterCard").

## I.    INTRODUCTION

1.    Visa and MasterCard have in the past and continue to manage, coordinate, and govern a combination and conspiracy in restraint of trade within the meaning of the Sherman

Antitrust Act, 15 U.S.C. § 1.  Each combination and conspiracy has as its members the overwhelming majority of banks or financial institutions that issue credit and debit cards in the United States.  The vast majority of the banks and financial institutions that are members of Visa are also members of MasterCard, and issue both Visa-branded and MasterCard-branded credit and debit cards.  These member banks are independently owned and managed banks and financial institutions that compete to issue credit and debit cards to consumers; however, Visa and MasterCard govern and control the member banks, requiring that member banks agree to be bound by certain rules of Visa and MasterCard.  These rules unreasonably restrain trade.  Visa and MasterCard therefore are combinations in restraint of trade and Visa and MasterCard have entered into agreements with their member banks in restraint of trade,  in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

2 .    The vast majority of the member banks in Visa and MasterCard issue payment cards to consumers.  These payment cards consist of either debit cards or credit cards, each of which comprises a distinct product market.  The relevant geographic market for credit and debit cards in this context is the United States.

3.    Issuing banks earn income on credit and debit cards by, among other means, charging interchange fees that are paid by merchants for the privilege of accepting the payment cards.  Because issuing banks profit from merchant acceptance of their payment cards, they should compete with one another for merchant acceptance, but the various practices and rules adopted by Visa and MasterCard and agreed to by the member banks limit and, in some cases, eliminate competition among member banks. Such rules and practices include, by way of

example and without limitation:  the adoption of "default" Interchange Fees, the Honor All Cards Rule, the All Outlets Rule, the No Discount Rule and the No Surcharge Rule.

4.     Visa and MasterCard and their member banks have substantial market power in the United States in the markets for merchant acceptance of debit cards and credit cards.  Visa and MasterCard have maintained that market power despite judicial and legislative efforts to curb their market power over the past 20 years.

5.     Plaintiffs paid millions of dollars from 2004-2012 in interchange fees to issuing banks that are members of Visa and MasterCard.  The unreasonable restraints of trade imposed by Visa and MasterCard have caused substantial competitive injury to Plaintiffs, causing Plaintiffs to pay higher than competitive fees for the privilege of accepting debit and credit cards.  Elimination or modification of the competitive restraints and restoration of competitive markets for merchant acceptance would substantially reduce interchange fees, allowing Plaintiffs to operate more efficiently and at lower costs, to the benefit of consumers.

## II.     JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1337 (commerce and antitrust regulation), because this action arises under Section 1 of the Sherman Act (15 U.S.C. § 1) and Section 4 of the Clayton Act (15 U.S.C. § 15(a)).

7.     Venue is proper in this district because Defendants each reside in, are found in, have agents in, and/or transact business in this district as provided in 28 U.S.C. §1391(b) and (c) and in 15 U.S.C. §§ 15 and 22. Thousands of merchants located in this district accept Visa and/or

MasterCard credit cards and debit cards issued by one or more member banks.  A substantial part of the interstate trade and commerce involved and affected by the alleged violations of the antitrust laws was and is carried on in this district.  Accordingly, the acts complained of have had and will have substantial anticompetitive effects in this district.

### III.   THE PARTIES

8.      Defendants Visa International Service Association and Visa U.S.A., Inc. are Delaware corporations with their principal place of business in Foster City, California.   In or around October 2007, Defendant Visa, Inc. was created through a corporate reorganization. Defendant Visa, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.   The member banks in Visa U.S.A., Inc. became the initial shareholders of Visa, Inc.

9.      Defendant MasterCard Incorporated was incorporated as a Delaware corporation in 2001, with its principal place of business in Purchase, New York.   Defendant MasterCard International Incorporated was formed in 1966 as a Delaware membership corporation, consisting of more than 23,000 owner and member banks worldwide.   MasterCard International Incorporated was a wholly-owned subsidiary of MasterCard Incorporated.  In 2006, MasterCard Incorporated and MasterCard International Incorporated conducted an initial public offering, which included issuing ownership shares to MasterCard's member banks. As a result of the IPO, MasterCard Incorporated operates today as a publicly-traded Delaware corporation with its principal place of business in Purchase, New York.   MasterCard International Incorporated remains MasterCard Incorporated's principal operating subsidiary and does business as MasterCard worldwide.

10.      Plaintiff Casey's General Stores, Inc. is an Iowa corporation with its principal place of business in Iowa.  Casey's General Stores, Inc. brings these claims on behalf of itself and its affiliates and subsidiaries, including Casey's Marketing Company, Casey's Retail Company, Casey's Services Company, and CGS Sales Corporation (collectively "Casey's").  Casey's Marketing Company, Casey's Retail Company, Casey's Services Company and CGS Sales Corp. are each Iowa corporations with a principal place of business in Iowa.   Casey's accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Casey's has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Casey's therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

11.      Plaintiff Gate Petroleum Company ("Gate") is a Florida corporation with its principal place of business in Florida.  Gate accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Gate has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Gate therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

12.      Plaintiff Gate Fuel Service, Inc. ("Gate Fuel") is a Florida corporation with its principal place of business in Florida.  Gate Fuel accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Gate Fuel has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants'

competitive restraints.  Gate Fuel therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

13.     Plaintiff Epping Forest Yacht Club, Inc. ("Epping") is a Florida corporation with its principal place of business in Florida.  Epping accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Epping has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Epping therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

14.     Plaintiff Ponte Vedra Lodge, Inc. ("Ponte Vedra Lodge") is a Florida Corporation with its principal place of business in Florida.  Ponte Vedra Lodge is a successor by merger to The Lodge at Ponte Vedra Beach, LLC. The Lodge at Ponte Vedra Beach, LLC converted in June 2015 from a limited partnership (The Lodge at Ponte Vedra Beach, Ltd.) to a limited liability company.  Ponte Vedra Lodge brings the instant claims on its own behalf and on behalf of the aforementioned successor entities.  Ponte Vedra Lodge and its aforementioned successors-in-interest accept, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Ponte Vedra Lodge has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Ponte Vedra Lodge therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

15.     Plaintiff Ponte Vedra Corporation ("Ponte Vedra") is a Florida corporation with its principal place of business in Florida.  Ponte Vedra accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Ponte

Vedra has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Ponte Vedra therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

16.     Plaintiff The River Club, Inc. ("River Club") is a Florida corporation with its principal place of business in Florida. River Club accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, River Club has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. River Club therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

17.     Plaintiff Cary Oil Co., Inc. ("Cary Oil") is a North Carolina corporation with its principal place of business in Cary, North Carolina. Cary Oil accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Cary Oil has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Cary Oil therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

18.     Plaintiff American General Investments, LLC d/b/a Cracker Barrel Convenience Stores ("American General") is a Louisiana company with its principal place of business in Louisiana. American General accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, American General has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. American General therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

19.     Plaintiff North American Financial Group, LLC d/b/a Cracker Barrel Convenience Stores ("North American Financial") is a Louisiana company with its principal place of business in Louisiana.  North American Financial accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, North American Financial has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  North American Financial therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

20.     Plaintiff Delta Sonic Carwash Systems, Inc. ("Delta Sonic") is a New York corporation with its principal place of business in the State of New York.  Delta Sonic accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Delta Sonic has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Delta Sonic therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

21.     Plaintiff High Plains Pizza, Inc., ("High Plains") is a Kansas corporation with its principal place of business in Kansas.  High Plains brings the instant claims on its own behalf and on behalf of its predecessor in interest.  High Plains accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, High Plains has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  High Plains therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

22.     Plaintiff Stinker Stores, Inc., successor in interest to Fearless Farris Service Stations, Inc. ("Stinker Stores") is an Idaho corporation with its principal place of business in Idaho.   Stinker Stores brings the instant claims on its own behalf and on behalf of its predecessor in interest.  Stinker Stores accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Stinker Stores has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.   Stinker Stores therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

23.     Plaintiff Cusick Corporation ("Cusick") is a California corporation with its principal place of business in California. Cusick accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Cusick has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Cusick therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

24.     Plaintiff Best Petroleum Co., Inc., ("Best Petroleum") is a Massachusetts corporation with its principal place of business in Massachusetts.  Best Petroleum accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Best Petroleum has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.   Best Petroleum therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

25.     Plaintiff Best Petroleum, LLC ("Best") is a Massachusetts company with its principal place of business in Massachusetts.  Best accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Best has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Best therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

26.     Plaintiff CFL Pizza, LLC ("CFL") is a Delaware company with its principal place of business in Florida.  CFL accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, CFL has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  CFL therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

27.     Plaintiff Bravo Foods, LLC ("Bravo Foods") is a Delaware company with its principal place of business in Florida.  Bravo Foods accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Bravo Foods has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Bravo Foods therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

28.     Plaintiff GT Petroleum Co. ("GT") is a California corporation with its principal place of business in California.  GT accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, GT has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive

restraints.  GT therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

29.     Plaintiff Captain Development Co., Inc. ("Captain") is an Indiana corporation with its principal place of business in Kansas. Captain accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Captain has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Captain therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

30.     Plaintiff Carolina Pizza Co., Inc. ("Carolina") is a North Carolina corporation with its principal place of business in Kansas.  Carolina accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Carolina has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.   Carolina therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

31.     Plaintiff Daland Corporation ("Daland") is a Kansas corporation with its principal place of business in Kansas. Daland accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Daland has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Daland therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

32.     Plaintiff Jonbro, Inc. ("Jonbro") is a Florida corporation with its principal place of business in Kansas. Jonbro accepts, or at relevant times accepted, both Visa and

MasterCard debit and credit cards for payment. Accordingly, Jonbro has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Jonbro therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

33.      Plaintiff Mackinaw Food Services Corp. ("Mackinaw") is a Michigan corporation with its principal place of business in Kansas. Mackinaw accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Mackinaw has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Mackinaw therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

34.      Plaintiff Michigan Pizza Service Company, Inc. ("Michigan Pizza") is a Michigan corporation with its principal place of business in Kansas. Michigan Pizza accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Michigan Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Michigan Pizza therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

35.      Plaintiff Northfield Restaurant Corp. ("Northfield") is a Michigan corporation with its principal place of business in Kansas. Northfield accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Northfield has been forced to pay Defendants' supra-competitive interchange fees and to

14

abide by Defendants' competitive restraints.  Northfield therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

36.   Plaintiff Peru Pizza Co., Inc. ("Peru Pizza") is an Indiana corporation with its principal place of business in Kansas. Peru Pizza accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Peru Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Peru Pizza therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

37.   Plaintiff Virginia Pizza Company, Inc. ("Virginia Pizza") is a Virginia corporation with its principal place of business in Kansas. Virginia Pizza accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Virginia Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Virginia Pizza therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

38.   Plaintiff TriConn, LLC ("TriConn") is a Kansas company with its principal place of business in Kansas. TriConn accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, TriConn has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  TriConn therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

39.   Plaintiff Pester Marketing Company ("Pester Marketing") is an Iowa corporation with its principal place of business in Colorado. Pester Marketing accepts, or at

relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Pester Marketing has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Pester Marketing therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

40.    Plaintiff Hi-Noon Petroleum, Inc. ("Hi-Noon") is a Montana corporation with its principal place of business in Montana. Hi-Noon accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Hi-Noon has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Hi-Noon therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

41.    Plaintiff MRC Hi-Noon, LLC ("MRC Hi-Noon") is a Montana company with its principal place of business in Montana. MRC Hi-Noon accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, MRC Hi-Noon has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  MRC Hi-Noon therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

42.    Plaintiff CTC LLP/Crossroads Travel Center ("Crossroads Travel") is a Montana partnership with its principal place of business in Montana. Crossroads Travel accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Crossroads Travel has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Crossroads Travel

therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

43. Plaintiff CTC LLC/Diamond Jim's ("Diamond Jim's") is a Montana company with its principal place of business in Montana. Diamond Jim's accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Diamond Jim's has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Diamond Jim's therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

44. Plaintiff Crossroads Cafe, LLC ("Crossroads Cafe") is a Montana company with its principal place of business in Montana. Crossroads Cafe accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Crossroads Cafe has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Crossroads Cafe therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

45. Plaintiff DC's Eastgate, Inc. ("DC's Eastgate") is a Montana corporation with its principal place of business in Montana. DC's Eastgate accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, DC's Eastgate has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. DC's Eastgate therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

46. Plaintiff DJ Casinos, Inc. ("DJ Casinos") is a Montana corporation with its principal place of business in Montana. DJ Casinos accepts, or at relevant times accepted, both

Visa and MasterCard debit and credit cards for payment.  Accordingly, DJ Casinos has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.   DJ Casinos therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

47.     Plaintiff HN, LLC ("HN") is a Montana company with its principal place of business in Montana. HN accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, HN has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  HN therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

48.     Plaintiff TTM Montana LLC ("TTM Montana") is a Montana company with its principal place of business in Montana. TTM Montana accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, TTM Montana has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  TTM Montana therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

49.     Plaintiff DHCC, LLC ("DHCC") is a Montana company with its principal place of business in Montana. DHCC accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, DHCC has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  DHCC therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

18

50.     Plaintiff WGN, Inc. ("WGN") is a Montana corporation with its principal place of business in Montana. WGN accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, WGN has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  WGN therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

51.     Plaintiff MTG Management, Inc. ("MTG Management") is a Texas corporation with its principal place of business in Texas. MTG Management accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, MTG Management has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  MTG Management therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

52.     Plaintiff Great Lakes Convenience, Inc. ("Great Lakes Convenience") is a Michigan corporation with its principal place of business in Michigan. Great Lakes Convenience accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Great Lakes Convenience has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Great Lakes Convenience therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

53.     Plaintiff Triple S Oil d/b/a Mr. Gas ("Triple S") is an Idaho corporation with its principal place of business in Idaho. Triple S accepts, or at relevant times accepted, both Visa

and MasterCard debit and credit cards for payment.  Accordingly, Triple S has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Triple S therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

54.    Plaintiff Champlain Oil Company, Inc. ("Champlain Oil") is a Vermont corporation with its principal place of business in Vermont. Champlain Oil accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Champlain Oil has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Champlain Oil therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

55.    Plaintiff COCO Mart, Inc. d/b/a Jiffy Mart ("COCO Mart") is a Vermont corporation with its principal place of business in Vermont. COCO Mart accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, COCO Mart has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  COCO Mart therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

56.    Plaintiff J.D. Streett & Company, Inc. ("J.D. Streett") is a Missouri corporation with its principal place of business in Missouri. J.D. Streett accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, J.D. Streett has been forced to pay Defendants' supra-competitive interchange fees and to abide

by Defendants' competitive restraints.  J.D. Streett therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

57.     Plaintiff Emerald City Pizza LLC ("Emerald City") is a Washington company with its principal place of business in the State of Washington. Emerald City accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Emerald City has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Emerald City therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

58.     Plaintiff Columbia Basin Pizza Hut, Inc. ("Columbia Basin Pizza") is a Washington corporation with its principal place of business in the State of Washington. Columbia Basin Pizza accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Columbia Basin Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Columbia Basin Pizza therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

59.     Plaintiff Spokane Valley Pizza LLC ("Spokane Valley Pizza") is a Washington company with its principal place of business in the State of Washington. Spokane Valley Pizza accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Spokane Valley Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive

restraints.  Spokane Valley Pizza therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

60.     Plaintiff Las Vegas Pizza LLC ("Las Vegas Pizza") is a Washington company with its principal place of business in Nevada. Las Vegas Pizza accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Las Vegas Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Las Vegas Pizza therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

61.     Plaintiff Kath Fuel Oil Service Co. ("Kath Fuel") is a Minnesota corporation with its principal place of business in Minnesota. Kath Fuel accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Kath Fuel has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Kath Fuel therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

62.     Plaintiff Pizza Hut of Southeast Kansas, Inc. ("Pizza Hut SE") is a Kansas corporation with its principal place of business in Kansas. Pizza Hut SE accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Pizza Hut SE has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Pizza Hut SE therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

63.     Plaintiff TB of America, Inc. ("TB") is a Kansas corporation with its principal place of business in Kansas. TB accepts, or at relevant times accepted, both Visa and

MasterCard debit and credit cards for payment.  Accordingly, TB has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  TB therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

64.    Plaintiff Slidell Oil Company LLC ("Slidell") is a Louisiana company with its principal place of business in Louisiana. Slidell accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Slidell has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Slidell therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

65.    Plaintiff Baker Family Holding LLC ("Baker Family Holding") is a Louisiana company with its principal place of business in Louisiana. Baker Family Holding accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Baker Family Holding has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Baker Family Holding therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

66.    Plaintiff America's Pizza Company LLC ("America's Pizza") is a Louisiana company with its principal place of business in Louisiana.  America's Pizza accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, America's Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  America's Pizza

therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

67.    Plaintiff Space Age Fuel, Inc., successor in interest to Space Age Fuels, Inc. ("Space Age") is an Oregon corporation with its principal place of business in Oregon.  Space Age brings the instant claims on its own behalf and on behalf of its predecessor in interest. Space Age accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Space Age has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Space Age therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

68.    Plaintiff Pliska Investments, LLC ("Pliska") is an Oregon limited liability company with its principal place of business in Oregon.  Pliska accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Pliska has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Pliska therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

69.    Plaintiff Pliska Golf, Inc. ("Pliska Golf") is an Oregon corporation with its principal place of business in Oregon.  Pliska Golf accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Pliska Golf has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.   Pliska Golf therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

70.     Plaintiff J&J Golf ("J&J") is a Washington corporation with its principal place of business in the State of Washington.  J&J accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, J&J has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  J&J therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

71.     Plaintiff Robinson Oil Corp. ("Robinson Oil") is a California corporation with its principal place of business in California.  Robinson Oil accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Robinson Oil has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Robinson Oil therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

72.     Plaintiff Mission Trail Oil Company ("Mission Trail") is a California general partnership with its principal place of business in California.  Mission Trail accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Mission Trail has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Mission Trail therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

73.     Plaintiff Reid Companies, Inc. ("Reid") is a New York corporation with its principal place of business in New York.  Reid accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Reid has been forced

to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Reid therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

74.     Plaintiff Reid Stores, Inc. ("Reid Stores") is a New York corporation with its principal place of business in New York.  Reid Stores (formerly Crosby Dairy Stores, Inc. and ATN Marts, Inc.) accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Reid Stores has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Reid Stores therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

75.     Plaintiff Reid Petroleum Corp. ("Reid Petroleum") is a New York corporation with its principal place of business in New York.  Reid Petroleum accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Reid Petroleum has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Reid Petroleum therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

76.     Plaintiff Jaco Oil Company ("Jaco") is a California corporation with its principal place of business in California.  Jaco accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Jaco has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Jaco therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

77.     Plaintiff Basic Properties LP ("Basic Properties") is a California limited partnership with its principal place of business in California.  Basic Properties accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Basic Properties has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Basic Properties therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

78.     Plaintiff Jaco Hill Company ("Jaco Hill") is a California partnership with its principal place of business in California.  Jaco Hill accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Jaco Hill has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Jaco Hill therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

79.     Plaintiff Jamieson Hill Company ("Jamieson") is a California partnership with its principal place of business in California.  Jamieson accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Jamieson has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Jamieson therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

80.     Plaintiff Fastrip Oil Company ("Fastrip") is a California limited partnership with its principal place of business in California.  Fastrip accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Fastrip has

27

been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Fastrip therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

81.   Plaintiff Herdrich Petroleum Corp. ("Herdrich") is an Indiana corporation with its principal place of business in Indiana.  Herdrich accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Herdrich has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Herdrich therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

82.   Plaintiff Popingo's Convenience Stores, LLC ("Popingo's") is a Louisiana company with its principal place of business in Louisiana.  Popingo's accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Popingo's has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Popingo's therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

83.   Plaintiff Leonard E. Belcher, Inc. ("LE Belcher") is a Massachusetts corporation with its principal place of business in Massachusetts.  LE Belcher accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, LE Belcher has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  LE Belcher therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

84.     Plaintiff BBH Food LLC ("BBH") is a Delaware company with its principal place of business in Arizona. BBH Food accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, BBH Food has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.   BBH Food therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

85.     Plaintiff JNH Food LLC ("JNH") is a Texas company with its principal place of business in Texas. JNH Food accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, JNH Food has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.   JNH Food therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

86.     Plaintiff CNH Food LLC ("CNH") is a Texas company with its principal place of business in Texas. CNH Food accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, CNH Food has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.   CNH Food therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

87.     Plaintiff HJB Convenience Corp. ("HJB") is a Colorado corporation with its principal place of business in Colorado. HJB accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, HJB has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants'

competitive restraints. HJB therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

88.     Plaintiff JAG Convenience Corp. ("JAG") is a California corporation with its principal place of business in California. JAG accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, JAG has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. JAG therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

89.     Plaintiff North Coast Pizza, Inc. ("North Coast Pizza") is a Kansas corporation with its principal place of business in Ohio. North Coast Pizza accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, North Coast Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. North Coast Pizza therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

90.     Plaintiff Akron Pizza, Inc. ("Akron") is a Kansas corporation with its principal place of business in Ohio. Akron accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Akron has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Akron therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

91.     Plaintiff Painesville Pizza, Inc. ("Painesville") is a Kansas corporation with its principal place of business in Ohio. Painesville accepts, or at relevant times accepted, both

Visa and MasterCard debit and credit cards for payment.  Accordingly, Painesville has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints.  Painesville therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

92.     Plaintiff Ashland Pizza, Inc. ("Ashland") is a Kansas corporation with its principal place of business in Ohio. Ashland accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Ashland has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Ashland therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

93.     Plaintiff Columbiana Pizza, Inc. ("Columbiana") is a Kansas corporation with its principal place of business in Ohio. Columbiana accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Columbiana has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Columbiana therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

94.     Plaintiff Elyria Pizza, Inc. ("Elyria") is a Kansas corporation with its principal place of business in Ohio. Elyria accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Elyria has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Elyria therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

95.     Plaintiff Ashtabula Pizza, Inc. ("Ashtabula") is a Kansas corporation with its principal place of business in Ohio. Ashtabula accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Ashtabula has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Ashtabula therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

96.     Plaintiff Liberty Pizza, Inc. ("Liberty") is a Kansas corporation with its principal place of business in Ohio. Liberty accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Liberty has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Liberty therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

97.     Plaintiff Kocomo Pizza, Inc. ("Kocomo") is a Kansas corporation with its principal place of business in Ohio. Kocomo accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Kocomo has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Kocomo therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

98.     Plaintiff Canton Pizza, Inc. ("Canton") is a Kansas corporation with its principal place of business in Ohio. Canton accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Canton has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants'

32

competitive restraints. Canton therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

99.     Plaintiff Trico Pizza, Inc. ("Trico") is a Kansas corporation with its principal place of business in Ohio. Trico accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Trico has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Trico therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

100.    Plaintiff Salem Pizza, Inc. ("Salem") is a Kansas corporation with its principal place of business in Ohio. Salem accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Salem has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Salem therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

101.    Plaintiff Boardman Pizza, Inc. ("Boardman") is a Kansas corporation with its principal place of business in Ohio. Boardman accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Boardman has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Boardman therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

102.    Plaintiff Wayne Pizza of Ohio LLC ("Wayne Pizza") is a Kansas company with its principal place of business in Ohio. Wayne Pizza accepts, or at relevant times

accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Wayne Pizza has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Wayne Pizza therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

103.    Plaintiff Wayne Pizza, Inc. ("Wayne") is a Kansas corporation with its principal place of business in Ohio. Wayne accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Wayne has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Wayne therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

104.    Plaintiff Geauga Pizza, Inc. ("Geauga") is a Kansas corporation with its principal place of business in Ohio. Geauga accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Geauga has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Geauga therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

105.    Plaintiff Tri Star Marketing Inc. ("Tri Star") is a Texas corporation with its principal place of business in Illinois. Tri Star accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Tri Star has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Tri Star therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

106.   Plaintiff The Wills Group, Inc. ("Wills") is a Maryland corporation with its principal place of business in Maryland. Wills accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Wills has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Wills therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

107.   Plaintiff SMO, Inc. ("SMO") is a Maryland corporation with its principal place of business in Maryland. SMO accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, SMO has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. SMO therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

108.   Plaintiff Dash In Food Stores, Inc. ("Dash") is a Maryland corporation with its principal place of business in Maryland. Dash accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Dash has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Dash therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

109.   Plaintiff Southern Maryland Oil, Inc. ("Southern") is a Maryland corporation with its principal place of business in Maryland. Southern accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Southern has been forced to pay Defendants' supra-competitive interchange fees and to

abide by Defendants' competitive restraints. Southern therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

110.   Plaintiff Delmarva Oil, Inc. ("Delmarva") is a Maryland corporation with its principal place of business in Maryland. Delmarva accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Delmarva has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Delmarva therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

111.   Plaintiff Potomac Energy Holdings, LLC ("Potomac") is a Delaware company with its principal place of business in Maryland. Potomac accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Potomac has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Potomac therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

112.   Plaintiff Golden Dollar, Inc. ("Golden Dollar") is a Nevada corporation with its principal place of business in Nevada. Golden Dollar accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Golden Dollar has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Golden Dollar therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

113.   Plaintiff Speedie Mart, Inc. ("Speedie Mart") is a Nevada corporation with its principal place of business in Nevada. Speedie Mart accepts, or at relevant times accepted,

36

both Visa and MasterCard debit and credit cards for payment.  Accordingly, Speedie Mart has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Speedie Mart therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

114.    Plaintiff Plaid Pantries, Inc. ("Plaid Pantries") is an Oregon corporation with its principal place of business in Oregon. Plaid Pantries accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Plaid Pantries has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Plaid Pantries therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

115.    Plaintiff Pete's of Erie, Inc. ("Pete's") is a Kansas corporation with its principal place of business in Kansas. Pete's accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Pete's has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Pete's therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

116.    Plaintiff Capital Pizza Huts, Inc. ("Capital") is a Colorado corporation with its principal place of business in Kansas. Capital accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Capital has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Capital therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

117.    Plaintiff NJ Capital Furnishings, LLC ("NJ Capital") is a New Jersey company with its principal place of business in Kansas. NJ Capital accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, NJ Capital has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. NJ Capital therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

118.    Plaintiff Sky of Jenks, LLC ("Sky") is an Oklahoma company with its principal place of business in Kansas. Sky accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Sky has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Sky therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

119.    Plaintiff RKS Ventures, Inc. ("RKS") is an Oklahoma corporation with its principal place of business in Kansas. RKS accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, RKS has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. RKS therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

120.    Plaintiff Capital Pizza of New Hampshire, Inc. ("Capital of NH") is a New Hampshire corporation with its principal place of business in Kansas. Capital of NH accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Capital of NH has been forced to pay Defendants' supra-competitive

interchange fees and to abide by Defendants' competitive restraints. Capital of NH therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

121.    Plaintiff Capital Pizza Huts of Vermont, Inc. ("Capital of VT") is a Vermont corporation with its principal place of business in Kansas. Capital of VT accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Capital of VT has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Capital of VT therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

122.    Plaintiff WK Capital Enterprises, Inc. ("WK") is a Vermont corporation with its principal place of business in Kansas. WK accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, WK has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. WK therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

123.    Plaintiff Redding Oil Company ("Redding") is a California corporation with its principal place of business in California. Redding accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Redding has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Redding therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

124.    Plaintiff Spencer Companies, Inc. ("Spencer") is an Alabama corporation with its principal place of business in Alabama. Spencer accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Spencer has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Spencer therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

125.    Plaintiff Valley Petroleum, LLC ("Valley") is a Wisconsin company with its principal place of business in Wisconsin. Valley accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Valley has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Valley therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

126.    Plaintiff By-Lo Oil Company ("By-Lo") is a Michigan corporation with its principal place of business in Michigan. By-Lo accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, By-Lo has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. By-Lo therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

127.    Plaintiff Speedy Q Markets, Inc. ("Speedy Q") is a Michigan corporation with its principal place of business in Michigan. Speedy Q accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Speedy Q has been forced to pay Defendants' supra-competitive interchange fees and to abide by

Defendants' competitive restraints. Speedy Q therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

128.    Plaintiff Craig Food Stores, Inc. ("Craig") is a Michigan corporation with its principal place of business in Michigan. Craig accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Craig has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Craig therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

129.    Plaintiff Lawrence Oil Co. ("Lawrence") is a Michigan corporation with its principal place of business in Michigan. Lawrence accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Lawrence has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Lawrence therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

130.    Plaintiff Downs Energy ("Downs") is a California corporation with its principal place of business in California. Downs accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Downs has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Downs therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

131.    Plaintiff American Pizza Partners, LP ("Pizza Partners") is a Delaware partnership with its principal place of business in Kansas. Pizza Partners accepts, or at relevant

times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Pizza Partners has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Pizza Partners therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

132.   Plaintiff Heart of Texas Pizza LP ("Heart of Texas") is a Texas partnership with its principal place of business in Kansas. Heart of Texas accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Heart of Texas has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Heart of Texas therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

133.   Plaintiff M2R, LLC ("M2R") is a Kansas company with its principal place of business in Kansas. M2R accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, M2R has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. M2R therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

134.   Plaintiff Mountain View Pizza, LLC ("Mountain View") is a Colorado company with its principal place of business in Kansas. Mountain View merged into Pizza Partners in 2009. Mountain View accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Mountain View has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants'

competitive restraints. Mountain View therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

135.    Plaintiff Oklahoma Magic, LP ("Oklahoma Magic") is a Kansas partnership with its principal place of business in Kansas. Oklahoma Magic merged into Pizza Partners in 2009. Oklahoma Magic accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, Oklahoma Magic has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Oklahoma Magic therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

136.    Plaintiff Seaside Pizza, LLC ("Seaside") is a Kansas company with its principal place of business in Kansas. Seaside merged into Pizza Partners in 2014. Seaside accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment. Accordingly, Seaside has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Seaside therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

137.    Plaintiff American Seafood Partners, LP ("American Seafood") is a Kansas partnership with its principal place of business in Kansas. American Seafood merged into M2R in 2008. American Seafood accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.  Accordingly, American Seafood has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. American Seafood therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

138.    Plaintiff Flyers Energy, LLC ("Flyers") is a California company with its principal place of business in California. Flyers, formerly known as Nella Oil Company, LLC, accepts, or at relevant times accepted, both Visa and MasterCard debit and credit cards for payment.    Accordingly, Flyers has been forced to pay Defendants' supra-competitive interchange fees and to abide by Defendants' competitive restraints. Flyers therefore has been injured in its business and/or properties as a result of the unlawful conduct alleged herein.

## IV.  THE MARKETS AND THE RESTRAINTS OF TRADE

139.    Two categories of general purpose payment cards have been accepted by merchants in the United States over at least the past 20 years: credit cards and debit cards. Credit cards and debit cards comprise two separate product markets and the United States is the relevant geographic market for each. *See United States v. Visa USA., Inc.,* 163 F. Supp. 2d 322 (S.D.N.Y. 2001), *affirmed,* 344 F.3d 229 (2d Cir. 2003).

140.    Issuing banks are members of the Defendants' networks that receive revenue when a consumer uses one of their payment cards to purchase goods or services from a merchant.  Acquiring banks are members of Defendants' networks that acquire purchase transactions from merchants.  In exchange for the privilege of accepting the issuing bank's payment cards, the merchant pays a merchant discount fee and an interchange fee.  The issuing bank receives the interchange fee and the acquiring bank receives the merchant discount fee.

141.    The issuing banks that are members of the Defendants' networks are independently owned and managed businesses.  In other aspects of their businesses, member banks compete against one another.  Thus, member banks compete with one another to attract

44

card holders by creating payment cards that offer attractive interest rates, annual fees, rewards and other features. Although member banks should likewise compete against one another for merchant acceptance of their payment cards, by the anticompetitive rules and practices described herein the Defendants and their member banks have agreed among themselves not to compete for merchant acceptance.

142. Visa and MasterCard set default interchange fees on credit card and debit card transactions that merchants are required to pay to the issuing banks. The default interchange fees eliminate competition and potential competition among issuing banks for merchant acceptance. The default interchange fees constitute price fixing among competitors.

143. The Honor All Cards Rules require that a merchant that accepts any Visa or MasterCard credit card must accept all such credit cards, no matter which bank issued the card and regardless of the terms, including interchange fees, associated with acceptance of the card. These Rules eliminate competition among banks for acceptance of their payment cards by merchants.

144. The All Outlets Rules require merchants who accept Visa branded or MasterCard branded payment cards at any location to accept those cards at all of their locations. Unti1 2013, the All Outlets Rules also required merchants that used different trade names in different locations to accept Visa branded or MasterCard branded payment cards at all of their locations. These Rules eliminate competition among banks for acceptance by merchants.

145. The No Discount Rules preclude merchants from offering discounts to customers who use a particular payment card. The No Discount Rules allow discounts to customers who paid with cash and, following settlement of a challenge by the U.S. Department of Justice in

2011, also allowed merchants to offer other discounts in limited circumstances. Before and after 2011, however, the No Discount Rules limited and eliminated competition among banks for acceptance by merchants.

146.    The No Surcharge Rules prohibit Plaintiffs from imposing a surcharge on consumers for the use of Visa-branded or MasterCard-branded payment cards. This prevents merchants from creating incentives for consumers to use cards that have more attractive terms to the merchant.   The No Surcharge Rules limit and eliminate competition among banks for merchant acceptance of payment cards.  In early 2013, Defendants altered their No Surcharge Rules to allow surcharges in limited circumstances, but debit card transactions still may not be surcharged and the rules continue to limit competition for acceptance by merchants.

147.    But for the anticompetitive rules and practices described herein, the market for consumer acceptance of payment cards would be significantly more competitive.  Among other things, merchants such as the Plaintiffs would have paid (and would continue to pay) significantly lower interchange fees for the benefit of accepting Defendants' payment cards. These anticompetitive rules are not reasonably necessary, including to create efficiencies in the payment card markets.  Moreover, there are less restrictive alternative means that would allow Defendants to achieve any claimed efficiencies.

148.    Visa and its member banks (including the issuing banks) have market power in the relevant market for merchant acceptance of general purpose credit cards in the United States. *United States v. Visa U.S.A., Inc.,* 163 F. Supp. 2d 332, 341 (S.D.N.Y.2001) *affirmed,* 344 F.3d 229 (2d Cir. 2003).

149.    MasterCard and its member banks (including the issuing banks) have market power in the relevant market for merchant acceptance of general purpose credit cards in the United States.   *United States v. Visa U.S.A., Inc.,* 163 F. Supp. 2d 332, 341 (S.D.N.Y. 2001) *affirmed,* 344 F.3d 229 (2d Cir. 2003).

150.    There are significant barriers to entry into the market for general purpose credit cards.  *US v. Visa U.S.A., Inc., supra.* at 341.  Defendants' conduct, and particularly the adoption of the anticompetitive rules described herein, demonstrates Defendants' market power in the credit card markets.   Competition or potential competition between Visa and MasterCard does not eliminate the exercise of market power by either Defendant because MasterCard and Visa have adopted parallel rules that limit competition from merchant acceptance.

151.    Visa and MasterCard together accounted for roughly 75% of all debit card purchases in 2004 and over 80% as of 2013.   Both Visa, with its member banks, and MasterCard, with its member banks, have market power in the market for merchant acceptance of debit cards.

152.    The market power of Defendants and their respective member banks in the market for merchant acceptance of debit cards is demonstrated by Defendants' conduct, including the adoption of the anticompetitive rules described herein.  Competition or potential competition between Visa and MasterCard does not eliminate the exercise of market power by either Defendant because MasterCard and Visa have adopted parallel rules that limit competition from merchant acceptance.

### V.   DEFENDANTS' INITIAL PUBLIC OFFERINGS DID NOT CURE THE RESTRAINTS OF TRADE

153.   In 2008, Visa and its member banks changed the ownership structure of Visa through an initial public offering ("IPO").   By way of the IPO, the member banks of Visa partially sold their ownership of Visa and restructured the governance of Visa, but the IPO did not change the fundamental nature of the combination, nor did it eliminate the anticompetitive rules described herein.   None of the member banks in Visa took steps to withdraw from the illegal combination that existed prior to the IPO.   Indeed, following the IPO, the member banks and Visa continued their illegal and anticompetitive combination that eliminated competition among the issuing banks for merchant acceptance.   For example, Visa and its member banks continued to set default interchange fees that eliminated competition among the issuing banks.

154.   In 2006, MasterCard Incorporated and MasterCard International Incorporated made an initial public offering of ownership shares to the public and to MasterCard's member banks.   The IPO did not change the fundamental nature of the combination, nor did it eliminate the anticompetitive rules described herein.   None of the member banks in MasterCard took steps to withdraw from the illegal combination that existed prior to the IPO.   Indeed, following the IPO, the member banks and MasterCard continued their illegal and anticompetitive combination that eliminated competition among the issuing banks for merchant acceptance.   For example, MasterCard and its member banks continued to set default interchange fees that eliminated competition among the issuing banks.

## VI.   PLAINTIFFS HAVE SUFFERED COMPETITIVE INJURY

155.   The anticompetitive rules described herein have limited, if not eliminated, competition among issuing banks for merchant acceptance of payment cards.  One result of this diminished competition is that interchange fees paid by merchants have been and continue to be set by Defendants at rates that are higher than would exist in a competitive market.  From at least 2004 through the date of this Complaint, Plaintiffs have paid these inflated interchange fees, which resulted in increased costs to Plaintiffs and to their subscribers.  Plaintiffs have suffered competitive injury from the anticompetitive rules described herein.

## VII. CLAIMS

156.   Visa and its member banks are a combination within the meaning of Section 1 of the Sherman Act.  The anticompetitive rules described herein are the result of agreements among Visa and the member banks, including issuing banks, to limit or eliminate competition.

157.   The anticompetitive rules described herein unreasonably restrain trade, in violation of 15 U.S.C. § 1.  Visa and its member banks, including issuing banks, thereby have entered into a combination and agreements that unreasonably restrain trade.  The illegal combination and agreements continued after 2008, notwithstanding the Visa IPO.

158.   MasterCard and its member banks are a combination within the meaning of Section 1 of the Sherman Act.  The anticompetitive rules described herein are the result of agreements among MasterCard and the member banks, including issuing banks, to limit or eliminate competition.

159.   The anticompetitive rules described herein unreasonably restrain trade, in violation of 15 U.S.C. § 1. MasterCard and its member banks, including issuing banks, have

thereby entered into a combination and agreements that unreasonably restrain trade. The illegal combination and agreements continued after 2006, notwithstanding the MasterCard IPO.

160.    Plaintiffs have been damaged by the anticompetitive actions of Defendants in amounts that will be proven at trial.

161.    Because Defendants' wrongful conduct was committed in combination and as part of a conspiracy, Defendants are jointly and severally liable for all damages.

162.    Plaintiffs are entitled to treble damages.

### DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs demand a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

A.    Judgment in favor of Plaintiffs and against each Defendant, in an amount to be determined at trial including, but not limited to, compensatory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

B.    An award of the cost of the suit, including a reasonable attorney's fee; and

C.    Such other and further relief as the Court deems just, equitable, and proper.

DATED this 16th day of March, 2016.

                              /s/ Brent O. Hatch
                              Brent O. Hatch
                              Shaunda L. McNeill
                              HATCH, JAMES & DODGE, PC

                              *Attorneys for Plaintiffs*